## PERKINS, CAMPBELL & CO. *v.* H. B. CENAS.

When the heirs, by an act under private signature, regulate between themselves the mode of parti-
tion of the estate, and authorize the curator to pay certain claims, and further verbally authorize
him, in order to save expense, to settle the affairs of the estate out of court; *Held:* That the surety
of the curator is not discharged from liability by such acts of the heirs, but will be held responsible
on the failure of the curator to account or pay over money which he may have received.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
*Benjamin, Bradford & Finney,* for plaintiffs. *L. Pierce,* for defendant and
appellant.

MERRICK, C. J.    *H. B. Cenas* was the surety of *Christy,* the curator of the
succession of *William Plunket,* deceased, on his bond.    An appeal was taken by
the plaintiffs from the judgment homologating the account rendered by the cura-
tor in the succession of *William Plunket, deceased.*    The judgment of the lower
court was amended and affirmed by this court in June, 1857.    See 12 An. 558.

On the return of the mandate to the lower court, a *fi. fa.* was issued, and on
its return *nulla bona,* steps were taken to render *H. B. Cenas* responsible as
surety on the bond for the amount of plaintiffs' debt.

The judgment of the lower court on the rule against the surety, having been in
favor of plaintiffs, defendant appealed.

The defendant died after the appeal was taken, and his executrix has made her-
self a party to the same.

The testimony in the former case, it was agreed, should be used in the present.
This court, in deciding the former case, said :

" It is clearly established :

" 1st. That the heirs, by an *act under private signature* regulating the mode of
partition of the estate between themselves, withholding certain property from
sale, and partitioning the slaves, authorized the curator to settle up the claims as
soon as practicable, designating in part the manner in which he should act, by
recognizing a certain debt of $1000 against the estate.

" 2d. That the heirs verbally authorized the curator, in order to save expense,
to take the affairs of the estate out of court, and settle up the same.

" 3d. That *William* and *Joseph Plunket* authorized the curator, besides settling
up the estate, to pay their individual debts."

The counsel for the appellant contends, that *Christy* (it is thus shown) was
discharged from his office of curator, and became the private agent of plaintiffs'
assignors ; that the contract between the heirs and curator was changed ; that
the oath of office no longer bound the curator to account; that he could not be
called upon to account in a summary manner, nor be arrested and imprisoned ;
that the curator was not compelled to keep a bank book, nor to render an annual
account, and that this change of the contract released the surety.

In order to determine this question, we must consider what is the obligation
assumed by the administrator, executor or curator, in entering upon the duties of
his office.    His obligation is principally that of a mandatary, to administer and
account.    Or, as it is expressed in the condition of the bond subscribed by the
defendant, the curator shall " well and truly, according to law, administer " the

succession, " and make and render a true, just and perfect account of his actions and doings when thereunto lawfully required either by the aforesaid Judge, or his successors in office agreeably to law, or by the heirs of the said deceased, or their lawful attorneys."

The first of the three propositions established by this court shows the heirs partitioned a portion of the property among themselves by an act under private signature, and that they authorized the payment of a particular debt. This mode of making partition is recognized by the Code, and if the heirs were of age, prudence may have required that the curator should consult them in regard to doubtful debts. It was but a mode indicated by which the curator was permitted by the heirs to discharge his obligation *pro tanto*. And this may also be said of the third proposition. The curator has funds in his hands which he is obliged to pay over to the heirs. Now, what difference does it make, whether he pays it directly to the heirs, or to some person delegated by them to receive it? If a third person may be delegated to receive it, why may not a creditor of the heirs be indicated as well as any other person? He is but the attorney, or agent *in rem suam*, mentioned in the bond. Suppose the interests of the heirs had been attached or assigned, would it not have presented the same question? It is after all but a mode of making payment, and does not novate nor even touch the binding force of the obligation.

But by the second proposition it is established, that the heirs verbally authorized the curator, in order to save expense, to take the affairs of the estate out of court, and to settle up the same; and it is supposed that this, as it released the curator from the twenty per cent. interest, also exempted him from the summary process of the court, and operated to the prejudice of the surety. It is true, the creditor must at all times be ready to subrogate the surety to his rights against the principal debtor, and he must preserve his mortgage and other securities for the benefit of the surety who pays, but there is no law, except relative to prescription, which compels the creditor to resort to legal process to compel the principal debtor to pay, nor to continue the process when once commenced. So, if suit had been commenced on an obligation against the principal debtor, the surety could not complain if the suit were afterwards dismissed, or if it were agreed (to use familiar language) to take the case out of court, provided time were not given the debtor, because the suit might be immediately recommenced by the creditor himself or the surety in the event of payment.

So in the present case, nothing prevented the heirs from countermanding their previous directions, and returning into court and demanding for the future a strict compliance of the provisions of law. And, in fact, this was done, and the judgment which the surety is now called upon to pay was on the rendition of an account ordered by the court having jurisdiction over the succession.

The heirs, it is true, by facilitating the administration and settlement, had precluded themselves from exacting penalties, but not from compelling a full rendition of accounts and exacting all sums of money received by the curator as such.

It would be extremely mischevious to hold, that any deviation by the curator, &c., from the rigid rules of the law, such as the delivery of property by him to the heirs for partition, or the payment of debts with their assent, without the order of court, (or in other words out of court,) was a release of the surety.

Few successions are settled up without the payment of some debts, before the order of the Judge can be obtained and the tableau of distribution filed. If the money is used to pay debts, it cannot remain in bank.

PERKINS
v.
CENAS.

We do not discover that the acts of the heirs or plaintiffs, released or novated the original contract of the curator to administer and account.

We see, therefore, no ground for the discharge of the surety. We do not consider the authorities cited by appellant as applicable to the facts of this case.

Judgment affirmed.

BUCHANAN, J., concurring. The defendant is sued as security of *William Christy*, upon his bond of curatorship, for sums of money belonging to *Joseph Plunkett*, of whom plaintiffs are assignees; which sums of money came into the hands of *Christy*, before the time at which, according to the latter's answers to interrogatories, he was authorized by the heirs to take the affairs of the estate out of court. I, therefore, concur in the judgment, holding the security of *Christy* responsible for these moneys; although, had the time of the reception of the moneys by *Christy* been subsequent to this arrangement with the heirs, in my opinion, upon the authorities cited in the brief of counsel for defendant, the security upon the curator's bond would not have been liable.